**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MURALI YAMAZULA VENKATA,<br><br>*Defendant.* | Criminal Action No. 20-66 (RDM) |

## **ORDER**

At the pretrial conference on March 21, 2022, counsel for Defendant Murali Yamazula Venkata sought leave to file a supplemental motion to dismiss Count 2 of the indictment for failure to state a claim. In doing so, counsel for Defendant acknowledged that the motion would raise new arguments just seven days before the trial date. Without deciding whether the motion was untimely, the Court permitted the defense to argue the anticipated motion at the pretrial conference and to file a supplemental motion, which is now before the Court. Dkt. 107. The government has filed a response. Dkt. 108.

The deadline for submitting motions to dismiss was December 2, 2021. Dkt. 53. The pending motion was filed on March 23, 2022, and it is thus "untimely" pursuant to Federal Rule of Criminal Procedure 12(c)(3). That rule provides, however, that "a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "To establish good cause, [a] defendant must describe with specificity why a motion could not have been brought within the established timeline for pretrial motions." *United States v. Gonzalez*, Criminal Action No. 20-40, 2020 WL 6158246, at *7 (D.D.C. Oct. 21, 2020). Defendant has not made such a showing here. Defendant has not argued—either at the pretrial conference or in his supplemental motion—that he could not have brought the pending motion earlier, nor has he

advanced any other reason for bringing the motion at this late stage.  The Court will, accordingly, deny the motion as untimely.

Even if the Court were to reach the merits of the motion, moreover, the Court would conclude that the motion is unavailing.  Defendant argues that the indictment fails to allege facts sufficient to support a charge that Venkata—as opposed to his alleged co-conspirators—committed theft or conversion of government property, in violation of 18 U.S.C. § 641.  Dkt. 107 at 2.  The crux of Defendant's argument is that the "relevant government property had *already* been stolen and converted by . . . Patel and . . . Edwards" before Venkata took any of the actions he is alleged to have taken.  *Id.* at 4.  There are two problems with this argument.  First, it is far from clear that the offense of conversion, for purposes of 18 U.S.C. § 641, necessarily concludes at the moment that intellectual property is first copied—in this case, at the moment when the DHS-OIG and USPS-OIG source codes were copied onto discs for the alleged co-conspirators' purposes.  "The cornerstone of conversion is the unauthorized exercise of control over property in such a manner that serious interference with ownership rights occurs."  *United States v. Collins*, 56 F.3d 1416, 1420 (D.C. Cir. 1995).  The Court cannot determine in the abstract, and without the benefit of hearing the evidence, whether Venkata's alleges actions occurred after the alleged misappropriation was complete.

Second, even accepting as true Defendant's premise that any alleged conversion was completed once the source codes for the two systems were copied and transferred, the indictment alleges that "VENKATA and Patel *accessed and copied*" the relevant source codes, "which Defendant VENKATA and Patel delivered and transmitted to Defendant EDWARDS after Defendant EDWARDS had left his employment with DHS-OIG."  Dkt. 1 at 6 (Indictment

2

¶ 15(a)) (emphasis added).  It may be Defendant's view that the government cannot prove this allegation at trial, but resolution of that issue is reserved for the jury or a Rule 29 motion.

Accordingly, the Court will **DENY** the supplemental motion to dismiss Count 2.  Dkt. 107.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 26, 2022