IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 20-cr-00066-2 |
| v. | Honorable Randolph D. Moss |
| MURALI YAMAZULA VENKATA, | Trial: March 28, 2022 |
| Defendant. | |

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTIONS**

Murali Yamazula Venkata, through undersigned counsel, respectfully submits his proposed Final Jury Instructions, subject to issues that may arise during trial.

First, Defendant requests that the Court issue the following standard pattern instructions from *Criminal Jury Instructions for the District of Columbia* ("the Red Book"):

| | |
|---|---|
| 2.100 | Furnishing the Jury with a Copy of the Instructions |
| 2.101 | Function of the Court |
| 2.102 | Function of the Jury |
| 2.103 | Jury's Recollection Controls |
| 1.105B | Notetaking by Jurors |
| 2.104 | Evidence in the Case |
| 2.105 | Statements of Counsel |
| 2.106 | Indictment Not Evidence |
| 2.107 | Burden of Proof |
| 2.108 | Reasonable Doubt |
| 2.109 | Direct and Circumstantial Evidence |
| 2.110 | Nature of Charges Not to Be Considered |
| 2.111 | Number of Witnesses |
| 2.112 | Inadmissible and Stricken Evidence |
| 2.200 | Credibility of Witnesses |
| 2.202 | Accomplice's Testimony |
| 2.203 | Witness with a Plea Agreement |
| 2.207 | Law Enforcement Officer's Testimony |
| 2.208 | Right of the Defendant Not to Testify (if applicable) |

1

| | |
|---|---|
| 2.209 | Defendant as Witness (if applicable) |
| 2.210 | False or Inconsistent Statement by Defendant (if applicable) |
| 2.213 | Character of Defendant (if applicable) |
| 2.215 | Specialized Opinion Testimony |
| 2.216 | Evaluation of Prior Inconsistent Statement of a Witness |
| 2.305 | Statements of the Defendant – Substantive Evidence (if applicable) |
| 2.307 | Motive |
| 2.310 | Transcripts of Tape Recordings |
| 2.402 | Multiple Counts |
| 2.405 | Unanimity – General |
| 2.407 | Verdict Form Explanation |
| 2.501 | Exhibits During Deliberations |
| 2.502 | Selection of Foreperson |
| 2.505 | Possible Punishment Not Relevant |
| 2.508 | Cautionary Instruction on Publicity, Communication, and Research |
| 2.509 | Communication Between Court and Jury During Jury's Deliberations |
| 2.510 | Attitude and Conduct of Jurors in Deliberations |
| 2.511 | Excusing Alternate Jurors |
| 3.101 | Proof of State of Mind |
| 3.105 | Proof of Value |

Second, in addition to these standard instructions from the Red Book, Defendant requests that the Court give the instructions set forth on the following pages, including:

| | |
|---|---|
| 1 | Perjurer's Testimony |
| 2 | Count One: Conspiracy, 18 U.S.C. § 371 |
| 3 | Count Two: Theft of Government Property, 18 U.S.C. §§ 641, 2 |
| 4 | Aiding and Abetting, 18 U.S.C. § 2 |
| 5 | Count Eleven: Wire Fraud, 18 U.S.C. § 1343 |
| 6 | Counts Twelve through Fifteen: Aggravated Identity Theft, 18 U.S.C. §§ 1028A, 2 |
| 7 | Aiding and Abetting, 18 U.S.C. § 2, continued |
| 8 | Count Sixteen: Destruction of Records, 18 U.S.C. § 1519 |
| 9 | Murali Venkata's Theory of Case |

1. **Perjurer's Testimony**[1]

    The testimony of someone who has admitted to lying to law enforcement in violation of the law should be considered with caution and scrutinized with care.

---

[1] From Red Book 2.206 as modified.

2. **Count One: Conspiracy, 18 U.S.C. § 371[2]**

Mr. Venkata is charged with conspiring to defraud the United States by converting government information to sell for private gain.  The charge of conspiracy to defraud the United States is a separate charge from the underlying offenses of theft of government information and fraud with which Mr. Venkata also is charged.  With respect to the conspiracy, the government is not required to prove that the objective was achieved.  However, you may not find the defendant guilty of Count One unless you find that the government has proven beyond a reasonable doubt that Mr. Venkata joined a conspiracy to defraud the United States by converting government information to sell for private gain.

The elements of conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

(1) Between October 2014 and April 2017, an agreement existed between two or more people to commit the crime of defrauding the United States by converting government information to sell for private gain.  This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to defraud the United States by converting government information to sell for private gain.  It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the charged crimes.  So, the first thing that must be shown is the existence of an agreement.

---

[2] Redbook 7.102 as modified.

(2) The second element that must be proven beyond a reasonable doubt is that Mr. Venkata intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if Mr. Venkata was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely associating with the other participants, would not be sufficient to show that Mr. Venkata knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that Mr. Venkata joined the agreement.

(3) The third element that must be proven beyond a reasonable doubt is that one or more of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The charged overt acts are that the conspirators converted government property—namely, the Enforcement Database System ("EDS") belonging to the U.S. Department of Homeland Security's Office of Inspector General ("DHS-OIG"), and the STARS database and PARIS system belonging to the U.S. Postal Service's Office of the Inspector General ("USPS-OIG"). The

government need not prove that all of these overt acts were taken, but in order to find Mr. Venkata guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. However, the government must prove beyond a reasonable doubt that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that during the time period of October 2014 to April 2017, there was an agreement to defraud the government by converting government information for private gain; second, that Mr. Venkata intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

### 3. Count Two: Theft of Government Property, 18 U.S.C. §§ 641, 2[3]

Mr. Venkata is also charged with theft or conversion, or with aiding and abetting the theft or conversion, of five types of government property: (1) copies of DHS-OIG's EDS; (2) copies of DHS-OIG's EDS source code and database files; (3) copies of USPS-OIG's case management system; (4) copies of USPS-OIG's STARS database and PARIS system; and (5), the personally identifiable information ("PII") of approximately 246,267 DHS-OIG and approximately 6,723 USPS-OIG employees.

The government must prove beyond a reasonable doubt each element of this offense. Those elements are that:

(1) Mr. Venkata knowingly converted for his own use, or converted for the use of another, property of value;

(2) The property belonged to the United States at the time it was converted;

(3) At the time Mr. Venkata converted the property, he intended to deprive, without right, the United States of the use or benefit of the property; and

(4) The property converted had a value of more than $1,000.

A conversion occurs where there is an unauthorized exercise of control over property in such a manner that serious interference with ownership rights occurs.[4]

---

[3] Red Book 5.351 as modified.
[4] *See United States* v. *Collins*, 56 F.3d 1416, 1420 (D.C. Cir. 1995).

## 4. Aiding and Abetting, 18 U.S.C. § 2[5]

You may find Mr. Venkata guilty of the crime charged in the Indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find beyond a reasonable doubt that:

(1) Mr. Venkata knowingly associated himself with the commission of the crime;

(2) Mr. Venkata participated in the crime as something he wished to bring about; and

(3) Mr. Venkata intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is also necessary. Mere physical presence by Mr. Venkata at the place and time the crime is committed is not by itself sufficient to establish his guilt.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission of the crime with the intent to make it succeed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.

---

[5] From Red Book 3.200 and Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.04 (2019 ed.) as modified; *see also United States* v. *Wilson*, 160 F.3d 732, 738–39 (D.C. Cir. 1998).

For you to find the defendant guilty of the crime of aiding and abetting, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) That the offense of theft of government property was committed by some person;

(2) That the defendant associated with the criminal venture;

(3) That the defendant purposefully participated in the criminal venture; and

(4) That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

### 5. Count Eleven: Wire Fraud, 18 U.S.C. § 1343[6]

Count Eleven of the Indictment charges the defendant, Mr. Venkata, with Wire Fraud. Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) That the defendant knowingly devised or intended to devise a scheme to defraud; that is, a scheme to defraud the U.S. Department of Agriculture's Office of the Inspector General ("USDA-OIG"), and to obtain property of USDA-OIG by means of materially false and fraudulent pretenses, representations, and promises, and by concealing material facts;

(2) That the scheme to defraud employed false material representations false material representations, pretenses, or promises;

(3) That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing for the purpose of executing such scheme; and

(4) That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

If you find that Mr. Venkata had a reasonable belief that he was acting based on the

---

[6] Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.57 (2019 ed.) as modified; *see also United States* v. *Lemire*, 720 F.2d 1327, 1338–43 (D.C. Cir. 2011); *United States* v. *Coughlin*, 610 F.3d 89, 97–98 (D.C. Cir. 2010); *United States* v. *Alston-Graves*, 435 F.3d 331, 337 (D.C. Cir. 2009); *United States* v. *Tann*, 532 F.3d 868, 872–73 (D.C. Cir. 2008); *United States* v. *Pollack*, 534 F.2d 964, 971 (D.C. Cir. 1976).

apparent authority of Sonal Patel, regardless of whether or not she had the actual authority, you may determine that he did not have the requisite intent to defraud.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the Indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.[7]

---

[7] 18 U.S.C. § 10.

**6. Counts Twelve through Fifteen: Aggravated Identity Theft, 18 U.S.C. §§ 1028A, 2[8]**

Counts Twelve through Fifteen of the Indictment charge the defendant, Mr. Venkata, with Aggravated Identity Theft and Aiding and Abetting Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A. This provision makes it a crime for anyone to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person during and in relation to a felony relating to theft of government money or property.

For you to find the defendant guilty of Aggravated Identity Theft, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) That the defendant knowingly transferred, possessed, or used a means of identification of another person;

(2) That the defendant did so without lawful authority;

(3) That the defendant transferred, possessed, or used the means of identification of another person during and in relation to Wire Fraud; and

(4) That the defendant knew that the means of identification in fact belonged to another real person, living or dead.

"Means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number.

---

[8] Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.48C (2019 ed.) as modified.

"Without lawful authority" means that the defendant transferred, possessed, or used another's means of identification either without that person's permission, beyond the scope of that person's legally obtained permission, or having obtained that person's permission illegally.

If you find that Mr. Venkata had a reasonable belief that he was acting based on the apparent authority of Sonal Patel, regardless of whether she had the actual authority, you may determine that he did not have the requisite intent to commit the offense of Aggravated Identity Theft.

The phrase "during and in relation to" means the means of identification was transferred, possessed, or used in furtherance of the commission of the crime of Wire Fraud. It must have been used to some purpose or effect with respect to the commission of the crime of Wire Fraud; the presence or involvement of the means of identification in the commission of Wire Fraud cannot be the result of coincidence. The means of identification must facilitate or have the potential to facilitate commission of Wire Fraud.[9]

---

[9] Eighth Circuit Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1028A (2017 revised ed.) as modified.

7. **Aiding and Abetting, 18 U.S.C. § 2, continued**

The defendant, Mr. Venkata, is charged with aiding and abetting Aggravated Identity Theft. You may find the defendant, Mr. Venkata, guilty of any of the crimes charged in Counts Twelve through Fifteen either as an aider and abettor or as a principal offender if you find that the government has proven each of the elements beyond a reasonable doubt. I have already instructed you on the facts you must find in order to find that Mr. Venkata aided and abetted in committing a crime, and you are to apply those instructions here.

With respect to the charges of Aggravated Identity Theft, regardless of whether Mr. Venkata is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Mr. Venkata personally acted knowingly and with knowledge that the means of identification in fact belonged to another real person, living or dead.

8. **Count Sixteen: Destruction of Records, 18 U.S.C. § 1519**[10]

Count Sixteen of the Indictment charges the defendant, Mr. Venkata, with Destruction of Records in violation Title 18, United States Code, Section 1519. This provision makes it a crime for anyone to knowingly alter or destroy a record, document, or a record, document, or tangible object with the intent to impede or obstruct the investigation of a matter within the jurisdiction of any department or agency of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) That the defendant knowingly altered knowingly altered or destroyed a record, document, or tangible object;

(2) That the defendant the defendant acted with the intent to impede or obstruct the investigation of a matter; and

(3) That the matter was within the jurisdiction of DHS-OIG which is an agency of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find the defendant knew he was obstructing a matter that was federal in nature.

A "tangible object" is one used to record or preserve information.

---

[10] Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.65 (2019 ed.) as modified.

9. **Murali Venkata's Theory of Case**[11]

Mr. Venkata's position is that he did not conspire to defraud the federal government or to steal or convert government property, that he did not steal or convert government property, that he did not commit wire fraud, that he did not commit aggregated identity theft, and that he did not obstruct justice by destroying records relevant to this investigation.

With respect to the allegation that Mr. Venkata conspired to defraud the federal government, Mr. Venkata submits that he did not knowingly and intentionally join a conspiracy with Mr. Edwards and Ms. Patel to convert government property for private gain. Mr. Venkata's defense is that he was never informed that Charles Edwards and Sonal Patel intended to sell a commercial product based on stolen property to the government at a profit, nor did he expect to profit from their scheme. Moreover, Mr. Venkata contends that he never made any representations to Peter Paradis, or to anyone else in the federal government, about the origins of the commercial software product—nor did he have any contact with anyone seeking to acquire the commercial software product.

With respect to the allegation that Mr. Venkata conspired to steal or convert government property for private gain, and that he actually stole or converted government property, Mr. Venkata submits that he never removed government proprietary information from any government database, nor did he conspire to steal or convert government property for private gain. While his supervisor Ms. Patel may have instructed him to aid in the sorts of routine software configuration tasks that he did for his job at the U.S. Department of Homeland Security, Office of Inspector General (DHS-OIG), Mr. Venkata contends that he did not know that his

---

[11] As permitted under Red Book 9.100.

assistance was being used for illegal purposes rather than for an agency-sanctioned improvement to the DHS-OIG Enforcement Data System (EDS).

With respect to the allegation that Mr. Venkata committed wire fraud, Mr. Venkata contends that he never had a phone call, nor used the wires in any other fashion, for the purpose of furthering a crime, and that he did not share in the criminal purpose of Mr. Edwards and Ms. Patel.

With respect to the allegation that Mr. Venkata committed aggravated identity theft, Mr. Venkata contends that he did not remove federal employees' personally identifiable information (PII) from government databases.  Moreover, any inadvertent possession of PII that Mr. Venkata had was unintentional and was not in furtherance of the commission of any of the other crimes alleged.

With respect to the allegation that Mr. Venkata obstructed justice by destroying records relevant to this investigation, Mr. Venkata contends that no such obstruction ever occurred.  Mr. Venkata followed the instructions of DHS-OIG agents and alerted his Chief Information Officer when Mr. Edwards contacted him at the start of the investigation, demonstrating that he did not intend to hide his affiliations with Mr. Edwards and Ms. Patel from government investigators.

April 1, 2022.

        Respectfully submitted,

        */s/ Kamil R. Shields*

        Kamil R. Shields
        Pardis Gheibi (*pro hac vice*)
        Tara N. Ohrtman (*pro hac vice*)
        SULLIVAN & CROMWELL LLP
        1700 New York Avenue, N.W. Suite 700
        Washington, D.C. 20006-5215
        Telephone: (202) 956-7040
        Facsimile: (202) 956-7676
        Email: shieldska@sullcrom.com
        Email: gheibip@sullcrom.com
        Email: ohrtmant@sullcrom.com

        Katherine M. Savarese (*pro hac vice*)
        Sullivan & Cromwell LLP
        125 Broad Street
        New York, NY 10004
        Telephone: (212) 558-4000
        Facsimile: (212) 558-3588
        Email: savaresek@sullcrom.com

        Michelle Peterson
        Chief Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C. 20004
        Telephone: (202) 208-7500
        Email: Shelli_Peterson@fd.org