**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

MURALI YAMAZULA VENKATA,

*Defendant.*

Criminal No. 20-66 (RDM)

# FINAL JURY INSTRUCTIONS

LET IT BE FILED

4/7/22

## PRELIMINARY REMARKS

The time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers. We're about to enter your final duty in this case, which is to decide the issues of fact and to return a verdict. It is up to me to instruct you on the law, and I ask you to listen carefully, just as you have throughout this trial. Before we talk about the specific charges alleged here and some of the specific issues in the case, however, I want to take a few minutes to talk about some general rules of law. Some of this may repeat what I told you in my preliminary instructions.

## FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

To start, I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole, and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions I provide you as a whole. You may not ignore or refuse to follow any of them.

## FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it was my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnicity, nationality, gender, or any such trait. You must decide the case solely from a fair consideration of the evidence.

You shall not take anything that I may have said or done during trial as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## JURY'S RECOLLECTION CONTROLS

If any reference by me or by the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## NOTETAKING BY JURORS

During the trial, I have permitted all jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Venkata's guilt or draw any inference of guilt from it.

## BURDEN OF PROOF—PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven that he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Venkata to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of an offense with which Mr. Venkata is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find Mr. Venkata not guilty of that offense.

## REASONABLE DOUBT

The government has the burden of proving Mr. Venkata guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case: direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**NATURE OF CHARGE NOT TO BE CONSIDERED**

One of the questions that you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or against the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer, and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the Defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; or whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and

accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## ACCOMPLICE TESTIMONY

You have heard testimony from Charles Edwards. The government is permitted to use a witness who testifies that he participated in the offenses charged against the Defendant, although the testimony of such a witness should be considered with caution. You should give his testimony as much weight as in your judgment it deserves.

## COOPERATING WITNESSES

You have heard evidence that Charles Edwards and Sonal Patel entered into plea agreements with the government pursuant to which they each agreed to testify truthfully in this case and the government agreed either to dismiss charges against him (in the case of Mr. Edwards), to decline prosecution of further charges against her (in the case of Ms. Patel), and to bring each of their cooperation to the attention of the judge at the time of sentencing.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such witnesses and convict the Defendant on the basis of this testimony alone, if it convinces you of the Defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him or her against a prosecution for perjury or false statement, should he or she lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement a witness entered into with the government has motivated him or her to testify falsely against the Defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

## LAW ENFORCEMENT OFFICER'S TESTIMONY

Testimony from a law enforcement officer should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because she or he is or was a law enforcement officer.

## RIGHT OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify. Mr. Venkata has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the Defendant is guilty because he chose not to testify.

## CHARACTER OF DEFENDANT

Mr. Venkata has introduced testimony that, in the witness's opinion, Mr. Venkata is an honest person. Such evidence may indicate to you that it is unlikely that an honest person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. Venkata is guilty of the crime charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

## SPECIALIZED OPINION TESTIMONY

In this case, you heard the testimony of Chad Steel, Fred Reynolds, and Chris Lowder, who each expressed opinions concerning computer forensic examination. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept these witnesses' opinions. If you find that an opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

## PRIOR INCONSISTENT STATEMENTS OF A WITNESS

You have heard evidence that Charles Edwards made a statement (or statements) on an earlier occasion and that this statement (or statements) may be inconsistent with his testimony here at trial. It is for you to decide whether the witness made such a statement (or statements) and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement(s) in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

## MOTIVE

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

**RECORDING & TRANSCRIPT**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations were displayed for your convenience and guidance as you listened to the recordings. Your personal understanding of the audio recordings, however, must supersede the text in the transcripts. That is, if you noticed any difference between a transcript and a recording, you must rely only on the recording and not the transcript. In addition, if you cannot determine from a recording that particular words were spoken, you must disregard the transcript as far as those words are concerned.

## MULTIPLE COUNTS — ONE DEFENDANT

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the Defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

## KNOWINGLY

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake, or accident.

## PROOF OF STATE OF MIND

Someone's intent ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done by the Defendant and all other facts and circumstances received in evidence which indicate his intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the Defendant acted with the necessary state of mind.

## ALLEGED OFFENSES

The indictment charges Mr. Venkata with violations of federal law. Specifically, the indictment charges Mr. Venkata with Conspiracy, in violation of 18 U.S.C. § 371; Theft of Government Property, in violation of 18 U.S.C. § 641; Wire Fraud, in violation of 18 U.S.C. § 1343; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; and Destruction of Records, in violation of 18 U.S.C. § 1519.

You may have heard reference at the beginning of this trial to the fact that Mr. Venkata was charged with four counts of aggravated identity theft. You may notice that I have only submitted one count of aggravated identity theft to you. The number of counts is a matter for the Court, and you should not draw any conclusions from it, for or against either party.

## ELEMENTS OF EACH OFFENSE: OVERVIEW

I am about to instruct you on the elements of each of the offenses with which Mr. Venkata is charged.

**COUNT ONE**
**CONSPIRACY — ELEMENTS**

Mr. Venkata is charged with conspiring (1) to commit an offense against the United States—that is, Theft of Government Property, in violation of 18 U.S.C. § 641—and (2) to defraud the United States. These are called the "objects" of the conspiracy. It is against the law to agree with someone to commit Theft of Government Property or to defraud the United States.

The charge of Conspiracy to commit Theft of Government Property is a separate charge from Theft of Government Property itself, with which Mr. Venkata is also charged.

I will address the elements of the crime of Theft of Government Property in a moment, and you should apply those instructions in determining whether Mr. Venkata conspired with someone to commit that crime.

To "defraud the United States" means to cheat the United States government or any of its agencies out of money or property. You should use this instruction in determining whether Mr. Venkata conspired with someone to defraud the United States.

The government is not required to prove that either or both of those objectives was achieved.

The elements of conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

1. Between October 2014 and April 2017, an agreement existed between two or more people to commit at least one of the following "objects" of the conspiracy:

   (a) to steal or knowingly convert property belonging to the United States with an aggregate value exceeding $1,000—to wit, copies of the Department of Homeland Security–Office of Inspector General's ("DHS-OIG") Enforcement Database System ("EDS") system, copies of DHS-OIG's EDS source code and database files, copies of the U.S. Postal Service–Office of Inspector General's ("USPS-OIG")

case management system, copies of the USPS-OIG's STARS database and PARIS code, or the PII of approximately 246,167 DHS employees and approximately 6,723 USPS employees, in violation of 18 U.S.C. § 641; or

(b) to defraud the United States by devising or intending to devise a scheme to defraud or for obtaining money or property from the U.S. Department of Agriculture–Office of Inspector General ("USDA-OIG") by means of materially false or fraudulent pretenses, representations, or promises, or by concealing material facts.

This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists to commit Theft of Government Property or to defraud the United States. You must unanimously agree which object of the conspiracy the members agreed to commit. If you are unable unanimously to agree on at least one object of the conspiracy, you cannot find the Defendant guilty of conspiracy. So, the first thing that must be shown is the existence of an agreement to commit at least one of the objects of the conspiracy.

2. Mr. Venkata intentionally joined in that agreement. It is not necessary to find that he agreed to all of the details of the crime, or that he knew the identity of all of the other people that the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if Mr. Venkata was not part of the agreement at the very start, he can become a member of the conspiracy later if the government

proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But, mere presence at the scene of the agreement or crime, or merely being with the other participants does not show that Mr. Venkata knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the Defendant part of the conspiracy. So, the second thing that must be shown is that Mr. Venkata was part of the conspiracy.

3. One of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an "overt act." So, the third thing that must be shown is that a member of the conspiracy committed at least one overt act, and you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more people existed and whether Mr. Venkata was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against Mr. Venkata whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as

evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For the Defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first that from in or around October 2014 through in or around April 2017, there was an agreement (1) to commit Theft of Government Property or (2) to defraud the United States; second, that Mr. Venkata intentionally joined in that agreement; and, third, that one of the people involved in the conspiracy did at least one "overt act" for the purpose of carrying out the conspiracy.

**COUNT TWO**
**THEFT OF GOVERNMENT PROPERTY — ELEMENTS**

Mr. Venkata is also charged with Theft of Government Property, in violation of 18 U.S.C. § 641. Specifically, the indictment alleges that Mr. Venkata stole or knowingly converted (1) copies of DHS-OIG's EDS system; (2) copies of DHS-OIG's EDS code and database files; (3) copies of USPS-OIG's case management system; (4) copies of USPS-OIG's STARS database and PARIS code; and (5) the Personal Identifiable Information (or "PII") of approximately 246,167 DHS employees and approximately 6,723 USPS employees.

The elements of the offense of Theft of Government Property, each of which the government must prove beyond a reasonable doubt, are that:

1. Mr. Venkata stole or knowingly converted property for his use or for the use of another;
2. The property belonged to the United States at the time it was stolen or converted;
3. When Mr. Venkata stole or converted the property, he intended to deprive, without right, the owner of the use or benefit of the property; and
4. The property stolen or converted had, in the aggregate, a value of more than $1,000.

To "steal" means to take away from one in lawful possession without right with the intention to keep wrongfully.

"Conversion" may include misuse or abuse of property. It may reach use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use. But "conversion" requires the unauthorized exercise of control over property in such a manner that serious interference with ownership rights occurs.

In considering the seriousness of any interference with the government's property right, you may consider the following factors, among any other factors you consider relevant: (a) the extent and duration of the actor's exercise of dominion or control; (b) the actor's intent to assert a right in fact inconsistent with the government's right of control; (c) the actor's good faith; (d) the extent and duration of the resulting interference with the government's right of control; (e) the harm done to the property interest; and (f) the strength of the government's interest in maintaining confidentiality and the expense caused to the government. No one factor is necessarily predominant in determining the seriousness of the interference.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater, of all property stolen or converted in the aggregate. Do not speculate or guess at the value of the property. Base your determination only on the evidence.

In order to find Mr. Venkata guilty of Theft of Government Property, you must unanimously agree on what property was stolen or knowingly converted.

You must also unanimously agree that the crime was completed on or after March 5, 2015.

**AIDING AND ABETTING, 18 U.S.C. § 2**

You may find Mr. Venkata guilty of Theft of Government Property without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that the Defendant aided and abetted in committing a crime, you must find that the Defendant knowingly associated himself with the commission of the crime; that he participated in the crime as something he wished to bring about; and that he intended by his actions to make it succeed.

Some affirmative conduct by the Defendant in planning or carrying out the crime is necessary. Mere physical presence by Mr. Venkata at the place and time the crime is committed is not by itself sufficient to establish his guilt. It is not necessary that you find that Mr. Venkata was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

I have already instructed you on the elements of Theft of Government Property. With respect to that charge, regardless of whether Mr. Venkata is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Mr. Venkata personally

acted knowingly and with the intent to deprive the owner of the use or benefit of the property.

In order to find Mr. Venkata guilty of Theft of Government Property on this theory, you must unanimously agree on what property was stolen or knowingly converted.

You must also unanimously agree that the crime was completed on or after March 5, 2015.

## CO-CONSPIRATOR LIABILITY

If you do not find that Mr. Venkata personally committed the offense of Theft of Government Property, you must consider whether he is guilty of Theft of Government Property based on the acts of his alleged co-conspirators.

A conspiracy is a kind of partnership in crime and its members may be responsible for each others' actions. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.

In order to find Mr. Venkata guilty of Theft of Government Property under this theory, you must find beyond a reasonable doubt that:

1. The conspiracy charged in Count One existed;
2. The offense of Theft of Government Property was committed by a co-conspirator of Mr. Venkata;
3. Mr. Venkata was a member of the conspiracy charged in Count One at the time the offense of Theft of Government Property was committed;
4. The offense of Theft of Government Property was committed during the existence of the conspiracy;
5. The offense of Theft of Government Property was committed in furtherance of the conspiracy; and
6. The offense of Theft of Government Property was a reasonably foreseeable consequence of the conspiracy. It is not necessary to find that the crime was intended

as part of the original plan, only that it was a foreseeable consequence of the original plan.

In order to find Mr. Venkata guilty of Theft of Government Property on this theory, you must unanimously agree on what property was stolen or knowingly converted.

You must also unanimously agree that the crime was completed on or after March 5, 2015.

**COUNT ELEVEN**
**WIRE FRAUD — ELEMENTS**

Mr. Venkata is also charged with Wire Fraud, in violation of 18 U.S.C. § 1343. In order to find Mr. Venkata guilty of Wire Fraud, you must find beyond a reasonable doubt that:

1. Mr. Venkata knowingly devised or intended to devise a scheme to defraud; that is, a scheme to defraud the USDA-OIG or to obtain property of the USDA-OIG by means of materially false or fraudulent pretenses, representations, or promises, or by concealing material facts;
2. The scheme to defraud employed false material representations, pretenses, or promises;
3. Mr. Venkata transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and
4. Mr. Venkata acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the Defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because the Defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

The alleged scheme need not actually succeed in defrauding anyone.

## AIDING AND ABETTING, 18 U.S.C. § 2

You may find Mr. Venkata guilty of Wire Fraud either as an aider and abettor or as a principal offender. I have already instructed you on what you must find in order to find that Mr. Venkata aided and abetted in committing Theft of Government Property, and you are to apply those same instructions here.

With respect to the charge of Wire Fraud, regardless of whether Mr. Venkata is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Mr. Venkata personally acted knowingly and with a specific intent to defraud.

## COUNT THIRTEEN
## AGGRAVATED IDENTITY THEFT — ELEMENTS

Mr. Venkata is also charged with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Specifically, Mr. Venkata is charged with committing Aggravated Identity Theft with respect to a means of identification of Scott Balfour. In order to find Mr. Venkata guilty of Aggravated Identity Theft, you must find beyond a reasonable doubt that:

1. Mr. Venkata knowingly transferred, possessed, or used a means of identification of another person;
2. Mr. Venkata did so without lawful authority;
3. Mr. Venkata transferred, possessed, or used the means of identification of another person during and in relation to the offenses of Theft of Government Property or Wire Fraud (referred to below as the "predicate felonies"); and
4. Mr. Venkata knew that the means of identification in fact belonged to another real person, living or dead.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number.

"Without lawful authority" means that the Defendant transferred, possessed, or used another's means of identification either without that person's permission, beyond the scope of that person's legally obtained permission, or having obtained that person's permission illegally.

A person transfers, possesses, or uses a means of identification "in relation to" a predicate felony if it had some purpose or effect with respect to the offense; its presence or involvement cannot be the result of accident or coincidence. The means of identification must facilitate or have the potential to facilitate commission of the offense.

Your verdict must be unanimous as to the relevant predicate felony.

**AIDING AND ABETTING, 18 U.S.C. § 2**

You may find Mr. Venkata guilty of Aggravated Identity Theft either as an aider and abettor or as a principal offender. I have already instructed you on what you must find in order to find that Mr. Venkata aided and abetted in committing Theft of Government Property, and you are to apply those same instructions here.

With respect to the charge of Aggravated Identity Theft, regardless of whether Mr. Venkata is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Mr. Venkata personally acted knowingly and with knowledge that the means of identification in fact belonged to another real person, living or dead.

In order to find Mr. Venkata guilty of Aggravated Identity Theft on this theory, your verdict must be unanimous as to the relevant predicate felony.

## COUNT SIXTEEN
## DESTRUCTION OF RECORDS — ELEMENTS

Finally, Mr. Venkata is charged with Destruction of Records, in violation of 18 U.S.C. § 1519. In order to find Mr. Venkata guilty of Destruction of Records, you must find beyond a reasonable doubt that:

1. Mr. Venkata knowingly altered or destroyed a record, document, or tangible object;
2. Mr. Venkata acted with the intent to impede or obstruct the investigation of a matter; and
3. The matter was within the jurisdiction of the Department of Homeland Security–Office of Inspector General, also known as "DHS-OIG," which is an agency of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the Defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find the Defendant knew he was obstructing a matter that was federal in nature.

## DEFENDANT'S THEORY OF CASE

Mr. Venkata's position is that he did not conspire to defraud the federal government or to steal or knowingly convert government property; that he did not steal or knowingly convert government property; that he did not commit wire fraud; that he did not commit aggravated identity theft; and that he did not obstruct justice by destroying records relevant to a federal investigation.

Mr. Venkata contends the he did not have the required state of mind for Counts One, Two, and Eleven.

With respect to Count Thirteen, Mr. Venkata contends that he did not knowingly possess, use, or transfer information containing individuals' personal identifying information and that any such possession, use, or transfer was not "in relation to" the offenses of Theft of Government Property or Wire Fraud.

Finally, with respect to Count Sixteen, Mr. Venkata contends that he did not intend to impede or obstruct a federal investigation.

I have just provided you with Mr. Venkata's theory of the case. In considering Mr. Venkata's arguments, I remind you that you should follow my detailed instructions regarding the applicable legal standards, which should control your deliberations.

## UNANIMITY

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

## VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The Form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the Form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The Form is meant only to assist you in recording your verdict.

## EXHIBITS DURING DELIBERATIONS

During the course of this trial, a number of exhibits were admitted in evidence. I will be sending those exhibits into the jury room with you. You may examine any or all of them as you consider your verdicts. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or redacted.

Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to listen to the audio recording that I have admitted into evidence, you will have access to a computer that can play the recording.

## SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the Defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing a sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## PUBLICITY, COMMUNICATION, AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning the case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or the Deputy Clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also need to remind you of an instruction I gave you at the beginning of and during the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation of any kind during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the Deputy Clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the Deputy Clerk, the marshal, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats **eleven** and **thirteen**.

As you two leave, I am going to ask you to hand your notebooks and badges to the Deputy Clerk. I must also note that it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service.

## CLOSING REMARKS

I'm now going to excuse you to meet briefly with the Deputy Clerk, and then to begin your deliberations. You may take your notebooks with you if you wish. You will receive the instructions I have given you, the verdict form, and all the exhibits. Thank you again for your attention and service. As soon as you receive your copy of the instructions from the Deputy Clerk, you may begin deliberating.