IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>MURALI YAMAZULA VENKATA,<br><br>          Defendant. | Case No. 20-cr-00066-RDM<br><br>Honorable Randolph D. Moss |

### DEFENDANT'S MOTION FOR LEAVE TO REPLY

On August 29, 2023, the Court held oral argument on Murali Venkata's Motions for Judgment of Acquittal and New Trial. During oral argument, the Court invited the parties to submit supplemental briefing regarding the Supreme Court's decision in *Ciminelli* v. *United States*, 598 U.S. 306 (2023).

On September 6, 2023, the government submitted a supplemental brief ostensibly regarding *Ciminelli*. ECF No. 209. Rather than address *Ciminelli* substantively, however, the government asserted an entirely new theory—that defendants "schemed to obtain government contracts by misrepresenting the contractor's qualifications or business practices"—and cited numerous cases in support that the government did not raise in their initial brief or at argument, and which to not relate to *Ciminelli*. *Id.* at 4-7. Indeed, at oral argument, the Court observed this new theory was different than what the government asserted at trial.

> THE COURT: But is there any reason to think that Mr. Edwards indicated to Department of Agriculture that the coding was done solely in the United States and that there were not any Indian or other foreign coders involved in writing the code?
>
> MR. SALGADO: Mr. Paradis testified, I believe, that he did not find out that there were coders in India involved until later on in the investigation.

>THE COURT: Right. But the question is whether Mr. Edwards misled him in any way with respect to who was writing the code or what was being written.
>
>MR. SALGADO: That's part of the government's theory, that by not disclosing the involvement of Indian coders in developing this new product that – once again, was going to be sold to the USDA-OIG for purposes of housing sensitive information, PII, and the coders could have –
>
>THE COURT: This does strike me as a very different theory from the one that I heard from the government at trial. If the government's theory is that the fraud was misleading the Department of Agriculture by not disclosing to the Department of Agriculture that there were Indian programmers who were writing the code – I tried this case a long time ago, but I don't recall anything about that in the trial.

Aug. 29, 2023 PM Oral Arg. Tr. 48:16-49:13. Notwithstanding this colloquy, the government now apparently seeks to rely on this new theory, and has raised additional related arguments for the first time in its supplemental brief.

Motions for leave to reply are within the Court's sound discretion, *see American Forest & Paper Ass'n, Inc.* v. *United States E.P.A.*, 1996 WL 509601, at *3 (Sept. 4, 1996), and they are appropriately granted where arguments are raised for the first time in a reply or supplemental brief. Here, the Court should permit Mr. Venkata to file a reply to respond to new arguments that the government raised in its supplemental briefing, and which differ from the government's theory of the scheme to defraud that was presented to the jury.

For the foregoing reasons, Mr. Venkata respectfully requests that the Court grant leave to file a reply on or before September 13, 2023.

Respectfully submitted,

    */s/ Katherine M. Savarese*
Katherine M. Savarese (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: savaresek@sullcrom.com

Kamil R. Shields
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C. 20006-5215
Telephone: (202) 956-7040
Facsimile: (202) 956-7676
Email: shieldska@sullcrom.com

3