UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLES EDWARDS<br>**Defendant.** | Case No. 20-cr-066 (RDM) |

### CHARLES EDWARDS'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING REGARDING APPLICATION OF UNITED STATES SENTENCING GUIDELINE § 4C1.1

Charles Edwards respectfully submits this Supplemental Memorandum in Aid of Sentencing to address the issue of whether he is entitled to a two-level reduction in his offense level pursuant to the Sentencing Guideline's new adjustment for certain zero criminal history point offenders.[1] Under this new Guidelines section, U.S.S.G. § 4C1.1, a two-level reduction is warranted.

### BACKGROUND

When Mr. Edwards entered his guilty plea on January 14, 2022, the Sentencing Guidelines did not afford any offense level reduction for defendants with zero criminal history points. That changed in November of 2023 when the most recent edition of the Sentencing Guidelines went into effect. The most recent edition of the Sentencing Guidelines added § 4C1.1, which provides for a two-level reduction in the offense level for certain defendants who

---

[1] Mr. Edwards stated in his previously filed Memorandum in Aid of Sentencing that he may supplement that memorandum with information about the applicability of this new Guidelines section. *See* Charles Edwards's Memorandum in Aid of Sentencing, ECF No. 235, p. 19, note 7.

have zero criminal history points.  All defendants with zero criminal history points are entitled to the two-level reduction unless an aggravating factor specifically identified in § 4C1.1(a) exists.

U.S.S.G. § 4C1.1 was not in effect at the time the final PSR was prepared.[2]  Therefore, the final PSR does not address whether a two-level reduction under § 4C1.1 is warranted in Mr. Edwards's case.  The government takes the position that § 4C1.1 is inapplicable because Mr. Edwards received an aggravating role enhancement pursuant to U.S.S.G. § 3B1.1.  *See* Government's Motion for a Downward Departure and Memorandum in Aid of Sentencing ("Government's Motion" or "Gov't Mtn."), ECF No. 227, at 8 ("[g]iven Defendant Edwards's aggravating role in the scheme and corresponding adjustment under USSG § 3B1.1, he is ineligible for the new two-point adjustment for certain zero-point offenders under § 4C1.1.").  For the reasons discussed below, the government's position is incorrect and § 4C1.1 applies here.

## ARGUMENT

New United States Sentencing Guidelines § 4C1.1, which went into effect two months ago, provides a two-level downward adjustment for certain "zero-point" offenders.  To qualify as a "zero-point" offender, the defendant must not "receive any criminal history points from Chapter Four, Part A" of the Sentencing Guidelines.  U.S.S.G. § 4C1.1(a)(1).  Defendants must also satisfy nine other criteria in order to receive the two-level downward adjustment.  *See* U.S.S.G. § 4C1.1(a)(2-10).

In Mr. Edwards's case, there is no dispute that he is a "zero-point" offender.  *See* PSR at ¶ 76; *see also* Gov't Mtn. at p. 8.  And the only disqualifying criteria listed in subsections 2 through 10 of § 4C1.1(a) that could potentially apply to Mr. Edwards is described in subsection

---

[2] The Final PSR was submitted on October 20, 2022.  *See* PSR at p. 1.

10.³  Under subsection 10 of U.S.S.G. § 4C1.1(a), in order to benefit from the zero-point offender downward adjustment, the defendant must "not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."  The government argues that Mr. Edwards is disqualified from the adjustment under subsection 10 because he received an adjustment under § 3B1.1 for his aggravating role in the offense.  *See* Govt's Mtn. at 8.  But the § 3B1.1 aggravating role adjustment is only part of the criteria listed in subsection 10.  Subsection 10 also requires that the defendant "was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."  *See* U.S.S.G. § 4C1.1(a)(10).  Because Mr. Edwards "was not engaged in a continuing criminal enterprise" in addition to his aggravating role, subsection 10 does not disqualify him from the two-level downward adjustment.  *Id.*

The government's position regarding subsection 10 is based on a misreading of that Guidelines section.  § 4C1.1 has *two* parts—not one part.  It precludes relief if:

> the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) ***and*** was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a)(10) (emphasis added).  Thus, in order to be disqualified by § 4C1.1(a)(10), it must be determined that a defendant *both* received an adjustment under § 3B1.1 *and* was engaged in a continuing criminal enterprise.  Because the second part of the sentence must be read in conjunction with the first, a defendant is not precluded from the downward adjustment for meeting only one of the two factors listed in § 4C1.1(a)(10).  *See United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2022) ("when 'and'

---

³ The criteria discussed in subsections 2 through 9 clearly do not apply to Mr. Edwards, and the government is not arguing that any of those sections apply to him.

is used to connect a list of requirements, the word ordinarily has a 'conjunctive' sense, meaning that all the requirements must be met").

Unlike the government's interpretation, the above reading of § 4C1.1(a)(10) is grammatically sound. But even if the language is not clearly in his favor, the Rule of Lenity governs. The "Rule of Lenity" is a principle that requires courts to interpret ambiguous laws in favor of the defendant. *Bifulco v. United States*, 447 U.S. 381, 387 (1980). The United States Supreme Court instructs that "[w]here the traditional tools of statutory interpretation yield no clear answer, the judge's next step isn't to legislative history or the law's unexpressed purposes. The next step is to lenity." *Wooden v. United States*, 595 U.S. 360, 395 (2022) (Gorsuch, J., joined by Sotomayor, J., concurring). Thus, when applying the Rule of Lenity, any ambiguity in U.S.S.G. § 4C1.1(a)(10) must be construed in Mr. Edwards's favor.

## CONCLUSION

For the reasons discussed above, because both criteria in U.S.S.G. § 4C1,1(a)(10) do not apply to Mr. Edwards, Mr. Edwards is not precluded by §4C1.1(a)(10) from eligibility of a reduction in his offense level. Since Mr. Edwards satisfies all criteria necessary for application of a reduction under § 4C1.1, he is entitled to the two-level downward adjustment that is now available to certain zero-point offenders. And, to the extent interpretation of § 4C1.1(a)(10) is ambiguous, the Rule of Lenity requires deciding the ambiguity in Mr. Edwards's favor.

Respectfully submitted,

/s/
Tony Miles

*Counsel for Defendant Charles Edwards*